Avinash Kasirem
Reg. 45672-039
P.O. Box 7001/A1B
Taft, California 93268

RECEIVED
MAR 05 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

FILED
MAR -5 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVINASH KASIREM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br>FEDERAL BUREAU OF PRISONS,<br>MANAGEMENT AND TRAINING<br>CORPORATION (MTC); MICHAEL BENOV,<br>DALE PATRICK, and Does 1-50,<br>Inclusive,<br><br>　　　　　Defendants. | CIVIL NO. 1:14-CV-00312-GSA (PC)<br><br>**COMPLAINT FOR MONEY DAMAGES AND INJUNCTION RELIEF**<br>(First, Fifth and Eight Amendments, Federal Tort Claims Act, and Alien Tort Statute; and Abuse of Process)<br><br>**JURY TRIAL DEMAND** |

1. This is a civil rights action and declaratory relief and money damages. The Plaintiff have been denied his rights to grievance the government for redress and violated the prison's disciplinary procedures without due process of law, freedom of cruel and unusual punishment, and violation of the law of nations or a treaty of the United States becaue the Defendants failed in their constitutional and statutory duties to protect the rights of your Plaintiff. Because of the acts and omissions of the Defendants alleged herein, the Plaintiff has being subjected to unconstitutional disciplinary process as conducted by unauthorized personnel of Management & Training Corporation in which committed a willful act in the use of the process not proper in the regular conduct of the Code of Federal Regulations procedures to impose sanctions in an

abuse of process of an act outside the purpose of the process for which all the Defendants knew that employees of a privately-held Corporation (MTC) for profit are not authorized by existing federal regulation (CFR) to discipline federal inmates at Taft Institution (TCI).

## I.

## JURISDICTION

2. Jurisdiction over this action exists by reason of the First, Fifth, and Eighth Amendments to the United States Constitution because the regulations as applied by employees of a privately-held Corporation that contracted with the Defendant Bureau of Prisons impinges on Plaintiff's constitutional and statutory rights (**Turner v. Safley**, 482 U.S. 78, 84-85 (1987)); the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq., Abuse of Process, and Aliens Tort Statute, 28 U.S.C. § 1350. The Plaintiff have been injured by the negligent and wrongful acts or omissions of the officers, agents and/or employees of Defendants USA and MTC acting in the course of their employment (**Armstrong v. Schwarzenegger**, 622 F.3d 1072, 1073-74 (9th Cir. 2010)).

3. The acts and omissions of which Plaintiff complaint took place in the State of California. Accordingly, the law of the State of California controls this action with respect to liability and damages under the Second and Third causes of action. 28 U.S.C. §§ 1346(b)(1), and 2674.

4. On or about August 29, 2013, Plaintiff timely presented his administrative claim for money damages to the BOP, at the west Regional Office, in Stockton, California. This claim was denied in writing on September 6, 2013, by the BOP Regional Counsel. Therefore, Plaintiff has exhausted his administrative claim remedy under 28 U.S.C. § 2675(a), and this suit is timely filed under 28 U.S.C. § 2401(b).

II.

## VENUE

5. Venue is proper in the Eastern District of California, because Plaintiff reside in this district (28 U.S.C. § 1391) and this suit is timely filed under 28 U.S.C. § 2401(b).

III.

## THE PARTIES

6. Defendant USA operates and controls the BOP which is charged with maintaining custody of sentenced federal prisoners in its correctional facilities throughout the United States.

7. Defendant BOP operates under the control of the Defendant USA and is in charged of maintaining the custody of sentenced federal prisoners in its correctional facilities including Taft Correctional Institution in which actually housed Sentenced Deportable Aliens based on their nationality (hereinafter referred to as TAFT) located in Taft California.

8. Defendant MTC is a corporation which manages and operates 24 private correctional facilities in Arizona, California, Florida, Idaho, New Mexico, Ohio, Mississipi, and Texas.  MTC has the capacity to secure 30,734 offenders at these facilities.  In August of 2007, MTC was awarded a contract with the BOP to assume management of TAFT.

9. Defendant BENOV is a natural person who during the time alleged in this complaint was employed by MTC acting as a Warden of TAFT.  He acted under the color of law and in the course and scope of his employment with MTC.  In engaging in the conduct described herein, the Defendants, and each of them, exceeded the authority vested in them as members of Executive Branch under the United States Constitution and as executive agents employed by MTC.  Acting as a Warden, BENOV was at all times mentioned herein responsible for the day to day operations of TAFT, the

3

the safety and well being of his staff and the inmates within TAFT in which implemented a disciplinary procedure for his lower rank MTC employees to discipline federal inmates that is exclusively designated for federal officials of the BOP. 28 C.F.R. § 500.1(b) & § 541.1.

10. Not all Defendants in this case are in fact federal officers, but Plaintiff reasonably believe that the Defendants who are not, in fact, MTC employees, became federal officers because of their actions with BOP employees. Defendants BENOV, PATRICK and DOES 1 to 50 Inclusive were willfully involved as joint participants in the illegal conduct herein alleged in conjunction with the BOP. The illegal conduct alleged herein as undertaken by, for an with federal officers of the BOP and constitutes a corrupt conspiracy or joint conduct that was undertaken under color of law.

11. Defendant PATRICK is a natural person who during the time alleged in this complaint was employed by MTC acting as an Administrative Remedy Coordinator. He acted under color of law and in the course and scope of his employment with MTC. In engaging in the conduct described herein, the Defendants, and each of them, exceeded the authority vested in them as members of the Executive Branch under the United States Constitution and as executive agents employed by MTC. Acting a Remedy Coordinator, PATRICK was at all times mentioned herein responsible to respond to Plaintiff's administrative remedies to have a relief of the abuse of process and authority of lower ranks MTC employees by enforcing the Code of Federal Regulations that are authorized only BOP employees to act in disciplining federal inmates in which exceeded it his authority vested as an employeed of MTC.

12. Plaintiff is ignorant at this time of the true names and capacities of Defendants, DOES 1-50, Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believe and thereon

allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this complaint to state names and capacities of DOES 1-50, Inclusive, when they have been ascertained.

13. In engaging in the conduct described herein, Defendants USA, BOP, MTC, BENOV, PATRICK and DOES 1-50, and/or each of them acted under the color of law and Defendants BENOV, PATRICK, and DOES 1-50, and/or each of them acted in the course and scope of their employment with the MTC. In engaging in the conduct described herein, Defendants and/or each of them exceeded the authority vested in them as executive agents under the United States Constitution and as individuals employed by MTC. Plaintiff is informed and believe that in doing the acts alleged each Defendant acted as the agent and representative of each of the others.

14. Defendant, Federal Bureau of Prisons, hereinafter "BOP" at all times relevant to this complaint is a corporation chartered in the State of California upon reason and belief, authorized to carry on business to lawfully the "management and regulation of all Federal penal institutions" including providing suitable quarters and for the safekeeping, care, and subsistence of federal prisoners. See 18 U.S.C. § 4042(a). The BOP is also authorized to provide "discipline of all persons charged with or convicted of offenses against the United States. Id. Actions of BOP employees are notorious for authorizing MTC employees through a 2007 Memorandum to willfully and maliciously to implement disciplinary procedure at TAFT Institution in which initiated and culminated with a disciplinary sanctions to disallow federal inmates of their Good Conduct Time (GCT) that lengthened a period of incarceration with total disregard or deliberate indifference towards constitutionally protected rights of due process of law. Actions of BOP officials are notorious and widespread to allow MTC employees to discipline federal inmates at TAFT Institution

5

under the guise of being contracted with the BOP in violation of clearly established law and with total disregard of due process. The BOP ratifies and condone such actions from its' employees. BOP is being sued as a person.

15. Defendant, Management and Training Corporation, hereinafter "MTC" at all times relevant to this complaint is a privately-held Corporation chartered and authorized under the federal law to contracted with the BOP to house federal prisoners and is responsible for creating policies and customs to be implemented by its' employees at TAFT Institution. Federal funds and and promotes the Federal Facility enriches and rewards, compensates, the employees and jailers therein. MTC has a policy and customs of disciplining federal inmates at TAFT Institution for which its' employees make findings that resulting in punishment that ended with inmates lost of GCT in violation of due process and ratify and condone actions of its executives' employees. MTC is being sued as a person.

16. Plaintiff, Kasirem, at all times relevant to this complaint is a federal prisoner under the custody of the Attorney General through a BOP is a resident of the State of California, County of Kern. Plaintiff brings this complaint for money damages for personal injuries suffered as a result of the negligent and wrongful acts and omissions of the officers, agents and employees of the Defendant USA, employed by the BOP and by Defendant MTC, the operator of TAFT.

### IV.

### THE FACTS GIVING RISE TO THIS COMPLAINT

17. Plaintiff is a federal prisoner under the actual custody of the BOP in which is housed at a contracted run facility managed by MTC a privately-held Corporation. Plaintiff asserts that the disciplinary procedure as

implemented by MTC's employees at TCI is violative of due process because only BOP employees are allowed to discipline federal inmates as mandated by existing regulations. See 28 C.F.R. § 500.1(b) & 541.1. Under these circumstances, to initiate a disciplinary process employees of MTC are allowed to fill it up official documents that impersonated a BOP employee which contrasted by the Code of Federal Regulations. Subsequently, this process as initiated by an MTC employee under the guise of the contract, (hereinafter Statement of Work ("SOW"), to provide an incident report to the inmate and then be investigated by another MTC employee that it is passed out to a United Disciplinary Committee, ("UDC"), and finally referred another MTC employee whom is acting as a Disciplinary Hearing Officer ("DHO"), that make findings including disciplinary sanctions to disallowance of GCT.

18. This disciplinary process are initiated and finalized by employees of MTC as implemented at TAFT Institution by Defendant BENOV and also coached by the Remedy Coordinator PATRICK. Plaintiff submits that the DHO whom ultimately imposed sanctions that included disallowance of GCT lacked the authority to discipline Plaintiff as the DHO is not employed by the BOP as required by applicable Federal Regulations. See **Arredondo-Virula v. Adler**, 510 Fed.Appx. 581, 582 (9th Cir. 2013). Plaintiff relies on a recent unpublished Ninth Circuit case in which the DHO at the same private correctional facility was found to lack of authority under the version of the regulation applicable to Plaintiff. Section 541.1 allows "Bureau staff to impose sanctions on inmates who commit prohibited acts." As defined by section 500.1, "staff" is any employee of the Bureau of Prisons or Federal Prison Industries, Inc." Accordingly, the plain language of the regulations state that only BOP staff may discipline prisoners.

19. While the sections were recently revised revised in 2011, nothing in the new regulations can be interpreted to change the meaning of the language regarding who has the right to impose sanctions on inmates. There is no significant distinction between the language of the previous regulation that "[o]nly institution staff may take disciplinary action" and the present regulation which "allow[s] Bureau staff to impose sanctions." Neither regulation purports to extend the authority to discipline or impose sanctions to anyone besides BOP staff, and the modifications are consistent with the stated purpose of streamlining or clarifying the regulations, rather than changing their substantive meaning. See 75 Fed. Reg. 76263 (Dec. 8, 2010).

20. Prior to and during the time relevant to this suit it was known to Defendants that the regulations therefore require the inmate to be able to appear before the DHO, who is required to be an employee of the BOP, and the DHO is to issue sanctions against the inmate. The policy set forth by the Memorandum created by the BOP authorizing MTC employees to act as a DHO does not follow the procedure set forth in the regulations. It either allows a DHO, who is not a BOP employee, to sanction the inmate if reviewed and certified by a BOP employee or it allows a BOP employee to sanction an inmate without the inmate being allowed to present his arguments and evidence directly to the BOP employee.

21. Since MTC's employees which are non-BOP employee at TAFT Instituion are acting as the DHO and imposing sanctions, the DHO would be complying with the procedures set forth in 28 C.F.R. § 541.8 but would not be authorized to impose those sanction as he is not a BOP employee as required by §§ 500.1(b) and 541.1. On the other hand, since the PMB staff member is reviewing and certifying the decision of the MTC employee is considered the DHO and instituting disciplinary sanctions, he would

8

be an authorized BOP employee allowed to sanction inmates under §§ 500.1(b) and 541.1, but Plaintiff was deprived of his right to appear before the DHO and present evidence and witnesses are required by § 541-8(g-h). Nothing in the regulations set forth a certification process that validate and otherwise unauthorized decision by someone who is not an employee of the BOP. Moreover, the BOP, in its memorandum, makes no mention of the relevant regulations governing the disciplinary review process or how the instituted policies would comply with the regulations.

22. The regulations further explain that Bureau staff may impose sanctions, and that the DHO is the staff member to impose sanctions. See 28 C.F.R. §§ 541.1; 541.8. The regulations provide an extensive discussion regarding the disciplinary process before the UDC and DHO and subsequent administrative appeals of any sanction imposed by the DHO. However, the regulations do not mention procedures where a BOP staff member can certify the decision to impose sanctions made by an employee of a privately run institution. As such, the regulations require that an inmate have an opportunity to appear before a DHO employed by the BOP. See 28 C.F.R. § 5001., 541.2, 541.8. Furthermore, the regulations only authorize the DHO to impose sanctions. Id. The subparts of the regulations, when read together, are unambiguous. The regulations require the BOP to provide inmates with disciplinary hearings before a DHO employed by the BOP. The BOP is bound by the regulations it imposes on itself, and it was not authorized to allow staff of a privately run prison to discipline Plaintiff.

23. The fact that the BOP issued a 2007 Memorandum creating a new disciplinary procedure different than that authorized does not alleviate Defendants' responsibility to follow the regulations. As a result of all the above, Plaintiff's prison term has been lengthened since he was disciplined by an unauthorized MTC employee for which sanctions were

9

imposed by MTC's employees, nor did the defendants USA and BOP direct the MTC to take any such measures to correct this obvious violation of due process, and abused of process. It is telling, that although imprisonment is punitive, MTC's employees and the agency of the BOP have violated Plaintiff's rights under the Fifth and Eighth Amendment, where their actions [by Defendant MTC] and inactions [from the Defendant BOP] have conducted themselves to act with impunity and deliberate indiference to Plaintiff's "liberty" interest and in the manner his federal sentence is being executed.

24. Consequently, the manner in which Defendant MTC [its employees] and the BOP [contracting officer] have formed, directed, managed and operating an association-in-fact-to carryout purposely a scheme to violate Plaintiff's "liberty" interest and intrude unfairly the manner in which Plaintiff must execute his sentence, is an unjust financial enrichment for MTC—because both MTC and the BOP have knowingly and recklessly disregarded the Code of Federal Regulations. Inasmuch, this is so, because the manner in which the course of the disciplinary process is performed and conducted from beginning to end by MTC employees at TAFT Institution, is **"illegitimate"** and **"fraudulent"**: since they are **not** performed [the write-up of the incident report] and or held [both the UDC and DHO hearings] by authorized staff from the BOP.

### V.

### FIRST CAUSE OF ACTION

### Eighth Amendment——Cruel and Unusual Punishment

(Conditions of Confinement)

(By Plaintiff As Against All Defendants)

25. Plaintiff hereby incorporate by reference paragraphs 1 through 24, above, as if set forth herein in full.

26. The Defendants, each of them, had a duty under the Eighth Amendment

10

to the United States Condition to take reasonable measures to guarantee the safety of inmates. **Turner v. Safley**, 482 U.S. 78, 84-85 (1987).

27. By being imprisoned at ATF Institution, Plaintiff faced a substantial risk of serious harm, namely the substantial likelihood of lengthening his prison term of incarceration by the actions of MTC's employees in the course of the disciplinary process that is performed and conducted from beginning to end by non-BOP employees as required by the existing Code of Federal Regulations.

28. Defendants knew of and disregarded an excessive risk of Plaintiff's safety by placing him within TAFT Institution by no providing him with adequate measures the risk of disallowance of Good Conduct Time by unauthorized employees of a privately run prison to discipline Plaintiff.

29. Defendants were deliberately indifferent to the substantial likelihood that the Plaintiff would be disciplined by non-BOP employee without due process of law and in an abused of process that is designed to be implemented by federal officials and disregarded it by failing to take reasonable measures to address it.

30. Defendants' failure to take reasonable measures to address the substantial likelihood that Plaintiff would be disciplined by MTC's employees in which lengthened his prison term of incarceration without any due process of law as implemented at TAFT Institution proximmately caused Plaintiff to suffer harm, namely the Plaintiff be extended his prison term of incarceration as performed and conducted by unauthorized employees of MTC while imprisoned within TAFT Institution.

31. Defendants, by failing to take reasonable measures to address the substantial likelihood that Plaintiff would be disciplined by MTC's employees that by the required existing regulation lacked of any authority to implement a disciplinary procedural at TAFT Institution, acted with deliberative indifference to the welfare of Plaintiff. Specially, there

was a substantial risk of harm to Plaintiff's extended period of incarceration that make it unlauful his subsequent detention but for the actions of MTC's employees to disciplined Plaintiff without any due process of law as mandated by 28 C.F.R. §§ 500.1(b) and 541.1 by being disciplined by BOP staff; and Defendants acted with deliberative indifference to that risk because they knew that Plaintiff's risk of being discipline by MTC employees were condone by BOP yet decline to take reasonable measures to minimize that risk.

32. Defendants, by their actions, have deprived Plaintiff of the rights and protections provided by the First, and Eighth Amendments of United States Constitution and an abused of process.

33. As a further and proximate result of the Defendants violations of the Fifth, and Eighth Amendments and an Abused of Process Plaintiff have suffered harm in the form of lengthening his period of incarceration that was unlawful sanctions imposed by MTC employees, shame, humiliation, degradation, mental anguish and emotional distress, entitling him to his actual damages in an amount determined at trial.

34. In light of Defendants willful, knowing and intentional violations of law against Plaintiff and their reckless and callous indifference to the rights of Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount to be determined at trial.

## VI.

### SECOND CAUSE OF ACTION

(Negligent or Wrongful Act or Omission)

(Filure to Provide Inmate with Safety and Disciplinary Procedurl Safeguard)

35. Plaintiff hereby incorporate by reference paragraphs 1 through 34, above, as if set forth herein in full.

36. At all times pertinent to this action, the Defendants, through their agents, officers and employees acting within the scope of their offices and employment, had a non-delegable regulatory, statutory and common law duty to exercise reasonable procedural safeguard in a disciplinary process to provide Plaintiff with a safe and secure place in which does not extended his period of incarceration of a malicious actions of imputing a disciplinary process against the law, despite Plaintiff best efforts to pursue his behavior not to violate prison rules and avoid any illegal activities for subsequent sanction that lengthened his period of incarceration.

37. At all times pertinent to this action, the Defendants, through their agents, officers and employees acting within the scope of their offices and employment, negligently and recklessly failed to comply with the aforementioned duty, by instead incarcerating the Plaintiff at TAFT, which it knew that the disciplinary process as implemented by MTC employees are unlawful because they lacked authority to discipline Plaintiff in which the DHO was not an employee of the BOP as required by applicable regulations.

38. As a foreseeable result of the foregoing negligence or wrongful acts or omissions, the Plaintiff did, in fact, extend his period of incarceration due that the disciplinary sanction was imposed by MTC employees and not BOP's employees as required by applicable regulations and have suffered the injuries and damages herein described by application of 28 C.F.R. § 500.1(b) and § 541.1 without any due process of law.

## VII.

### THIRD CAUSE OF ACTION

(Negligent or Wrongful Act or Omission)

(Premises liability: Failure to operate and Maintain Prison Facility in Safe and Procedural Safeguard)

13

(By Plaintiff As Against All Defendants)

38. Plaintiff hereby incorporate by reference paragraphs 1 through 38, above, as if set forth herein in full.

39. At all times pertinent to this action, the Defendants, through their agents, officers and employees acting within the scope of their offices and employment, had a non-delegable regulatory, statutory and common law duty to exercise reasonable procedural safeguard and maintain TAFT in such a manner as to ensure that it was reasonably discipline process afforded all protections secured by the Constitution, and that it harbored no latent defects and constituted a dangerous condition for prisoners not extending their period of incarceration in which risk of harm to the safety of inmates assigned to said prison, including Plaintiff.

40. At all times pertinent to this action, the Defendants, through their agents and employees acting within the scope of their offices and employment, negligently and wrongfully failed to take steps to either make aforementioned unlawful disciplinary conditions of TAFT without any due process of law as implemented by MTC employees, to wit, the prison's disciplinary context as implemented by MTC employees and that were allowed to make findings and imposed sanctions that included disallowance of GCT for which extended Plaintiff his period of incarceration of a lawful sentence as alleged above, and to suffer the injuries and damages herein described.

## VIII.

### FOURTH CAUSE OF ACTION

(Assignment of Plaintiff to Prison Facility Knowingl it to Be Inherently Without Procedural Safeguards in Disciplinary Context)

(By Plaintiff As Against All Defendants)

41. Plaintiff hereby incorporate by reference paragraphs 1 through 40, above, as if set forth herein in full.

42. At all times pertinent to this action, the Defendants, through their agents, officers and employees acting within the scope of their offices and employment, knew or should have known that the disciplinary context as implemented at TAFT Institution without procedural safeguards by MTC employees that extended Plaintiff's term of incarceration in allowing non-BOP staff member employed by the contracted facility to discipline Plaintiff, Defendants at no times reconciled that with the express language of § 541.1 which expressly states "Bureau staff to impose sanctions on inmates who commit prohibited acts." 28 C.F.R. § 541.1.

43. Despite the foregoing knowledge, the Defendants, through their agents, officers and employees acting within the scope of their offices and employment, failed to provide the Plaintiff assigned to TAFT with the procedural safeguards as required by clearly established law in which the BOP designated deportable aliens into the facility in which MTC's employees committed the unlawful acts to implement a disciplinary process without procedural safeguard as required by the regulations.

44. Despite the foregoing knowledge of the implementation of discipline process without any procedural safeguards by MTC employees at TAFT, and the total inadequacy and inability of the prison facility to provide Plaintiff with the procedural safeguards in the disciplinary context that by such actions enlarged his period of incarceration, the Defendants as owners and operators of the prison, and through its agents, officers and employees acting within the scope of their offices and employment, negligently and recklessly exercised their power and authority assigned Plaintiff to TAFT, that as disciplined by MTC employees extended his period of incarceration, effectively exposing him to be disallowed of GCT without any procedural safeguard and without his consent and against his will.

45. As a predictable result of the foregoing negligence or wrongful acts and omissions, the Plaintiff did, in fact, extend his period of incarceration of being disciplined by employees of MTC in which the current regulations allows Bureau staff to impose sanction on inmates. But the regulations require the BOP to provide inmates with disciplinary hearings before a DHO employed by the BOP. The BOP is bound by the regulations it imposes on itself, and it was not authorized to allow staff of privately run prison to discipline Plaintiff that by they unlawful actions has extended Plaintiff period of incarceration without any procedural safeguards as implemented at TAFT Institution and that Plaintiff have suffered the injuries and damages herein described.

## IX.

### DAMAGES

46. As direct and proximate result of the aforesaid negligent or wrongful acts and omissions, Plaintiff was hurt and injured by extending his period of incarceration, sustaining injury to his person in serving an extra time in jail as well as severe worry, anxiety and emotional distress, as to the potential future course separated for an extra time of his love one's to be forced more time in jail that is not contemplated of his sentence being disciplined by unauthorized privately employees without any procedural safeguards and in discriminatory manner of his alienage.

47. As a further proximate result of the aforesaid negligent or wrongful acts or omissions, Plaintiff has been damaged, in that have incurred, and will continue to incur, incarcerated for an extra time and related expenses in trying to correct this malfeasance of manifest injustice as implemented by MTC employees at TAFT Institution.

48. As a further proximate of the aforesaid negligent or wrongful acts or omissions, Plaintiff have been damaged, in that he have lost

16

substantial earnings from time to time, due to an extended period of incarceration, which has resulted to stay more time in jail, because of his injury that extended his period of incarceration injury. Plaintiff also face while his continuing incarceration lost a separation from his family and future earnings of productive work if be released earlier.

## X.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays specifically and separately for judgment against the Defendants USA, BOP, MTC, BENOV, PATRICK and DOES 1-50, as follows:

1. For general damages according to proof;
2. For abuse of process and discrimination and related expenses, according to proof;
3. For future lost earnings by extending a prison term in a discriminatory manner;
4. For money damages in the amount of $5,000,000;
5. For an award of exemplary and punitive damages to punish Defendants and deter similar wrongful conduct in the future;
6. For injunctive relief, including but not limited to an Order directing Defendants to follow the Code of Federal Regulations in which require that BOP to provide inmates with disciplinary hearings before a DHO employed by the BOP to have procedural safeguards as required by Due Process of law that foreclosed MTC employees to impose any sanctions over federal inmates.
7. For costs of suit incurred herein;
8. For reasonable Attorneys fees;
9. For Declaratory judgment that the actions of Defendants USA, BOP, MTC, BENOV, PATRICK, and DOES 1-50 are unreasonable,

unlawful, and violate clearly established law and human rights;

10. For Declaratory judgment in the disallowance of GCT in a fraudulent disciplinary process that has been proved illegal without due process of law, which constitute abuse of process in violation of the Code of Federal Regulations and human rights.
11. For interest, as allowed by law;
12. For such other and further relief as the Court may deem proper; and,
13. Right to amend this complaint as needed.

Trial by Jury is demanded herein.

DATED: Fenruary 28, 2014, at Taft, California.

Respectfully submitted,

*[signature]*

Avinash Kasirem
Reg: 45672-039
P.O. Box 7001/A1B
Taft, California 93268



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*Western Regional Office*
*7338 Shoreline Drive*
*Stockton, California 95219*

September 6, 2013

*Certified Mail:*     7006 3450 0001 1121 6685

Avinash Kasirem
#45672-039
Taft CI
P.O. Box 7001
Taft, CA 93268

Re: Tort Claim No. TRT-WXR-2013-07375 Received: September 3, 2013

Dear Mr. Kasirem:

This is in response to your Claim for Damage, Injury or Death (Standard Form 95) submitted under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671. et seq.

You claim is denied for failure to assert personal injury for which the United States is liable. If you are not satisfied with this determination, you are afforded six months from the post marked date of this letter to bring suit in the appropriate United States District Court

Sincerely,

DENNIS M. WONG
WESTERN REGIONAL COUNSEL

DMW/aen