UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVINASH KARISEM,<br><br>            Plaintiff,<br><br>vs.<br><br>U.S. BUREAU OF PRISONS, et al.,<br><br>            Defendants | Case No. 1:14 cv 00312 LJO GSA PC<br><br>FINDING AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Bivens actions and actions under 42 U.S.C. § 1983 are "identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens. Van Strum v.Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

## II.    Plaintiff's Claims

Plaintiff, an inmate housed at the Federal Correctional Institution at Taft, California, brings this civil rights action against officials employed at Taft. Plaintiff names as defendants the United States of America, the U.S. Bureau of Prisons, Management and Training Corporation (MTC), Michael Benov and Dale Patrick.[1]

The facility where Plaintiff is housed, FCI Taft, is a privately operated prison under contract with the U.S. Bureau of Prisons. Taft is operated by Defendant MTC. Defendant Benov was the acting Warden at the time of the events at issue. Defendant Patrick was the acting Administrative Remedies Coordinator.

Plaintiff's sole claim in this action is that he is subject to unconstitutional disciplinary procedures. Specifically, Plaintiff alleges that, because Taft is operated by Defendant MTC, and the disciplinary process is conducted by MTC staff, Plaintiff is subjected to the potential of having the length of his incarceration extended by the conduct of a non-government official.

Plaintiff has not alleged any facts that he has suffered any injury. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental and emotional injury suffered while in

---

[1] Plaintiff sets forth numerous causes of action – the Federal Tort Claims Act, Alien Tort Claims Act, and various U.S. Constitutional provisions. Because the complaint squarely challenges the validity of the disciplinary procedure on constitutional grounds, the Court will construe this as an action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

custody without a prior showing of physical injury." 42 U.S.C. § e(e).  The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

Further, assuming Plaintiff could somehow amend the complaint to allege injury, his claim fails.  Federal regulations do not exclude the delegation of authority to discipline to contractor employees.  The regulations apply to "all persons committed to the care, custody and control (direct or constructive) of the Bureau of Prisons." 28 C.F.R. §541.10(a).  Only "institution staff" may take disciplinary action within Bureau rules and institution guidelines.  28 C.F.R. §541.10(b)(1),(2).  However, regulations require the warden to delegate to institution staff members the authority to hold the initial hearing.  28 C.F.R. §541.15.

The pertinent statutory framework is also consistent with the delegation of authority to institution staff.  Tile 18 U.S.C. § 4001(b)(2) provides that the Attorney General may establish and conduct industries, farms, and other activities, classify the inmates, and provide for their proper government, discipline, treatment, care, rehabilitation and reformation.  § 4041 provides that the Attorney General may appoint not only a director who is in charge of the BOP and who serves directly under the Attorney General, but also such additional officers and employees as the Attorney General deems necessary.  § 4042(a)(3) provides that the BOP shall provide for the discipline of all persons of offenses against the United States.  From these broad statutory grants of authority to the Attorney General, it is clear that the Attorney General has been given by Congress the authority to appoint a director of the BOP and to delegate authority to discipline inmates to additional officers and employees.

Finally, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).  Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas action and addressing it on the merits.  See

Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Plaintiff specifically alleges that any disciplinary process that he may be subjected to would increase the length of his confinement. Therefore any such claim should be brought as a habeas petition.

### III.  Conclusion and Recommendation

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claim arises from his allegation that prison staff does not have the authority to discipline him. Plaintiff has not been subjected to discipline, prison staff has the statutory authority to discipline inmates, and any claim that affects the length of Plaintiff's sentence should be brought as a habeas petition. Because the Court finds that these deficiencies are not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 12, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE